**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4791

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY MOUZON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (CR-03-896)

Submitted: March 15, 2006          Decided: April 25, 2006

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeremy Mouzon was convicted by a jury of carjacking, 18 U.S.C. § 2119 (2000) (Count One); using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005) (Count Two); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count Three). He appeals his conviction and the sentence of 360 months imprisonment he received. We affirm.

Mouzon was involved in a minor car accident in Charleston, South Carolina, just after midnight on June 16, 2003, while driving a stolen vehicle. Mouzon drove away, striking a police officer slightly, and was pursued by Charleston Police Officer Jeffrey Soniak. Mouzon forced a white Buick off the street under a streetlight and, in view of Officer Soniak, pulled the driver, Akilah Robertson, out of the car at gunpoint. Terrion Smith, one of the passengers in the Buick, also got out of the car, but a second passenger, Cereta Jackson, could not release her seat belt and remained in the front seat while Mouzon drove the Buick north until he failed to negotiate a turn and ran into a fence. He then fled on foot and was quickly apprehended by North Charleston Police Officer Timothy Ramsey. Mouzon was brought back to the carjacked vehicle, where Jackson saw him.

After Mouzon was in custody, Robertson, Smith, and Jackson were transported to the police station, where they each

separately gave a statement about the incident. Robertson and Smith described the carjacker as a black male with an afro, wearing a white T-shirt. Smith added that he was wearing dark pants. Jackson did not described the carjacker in her statement. Mouzon told the police his name was Ferris Earl Green, and gave a false address; however, he was later identified by his fingerprints as Jeremy Mouzon.

When Robertson met with the prosecutor before trial, she told him that, while she was at the police station, she saw the incident report and commented to the officer present that she did not think the carjacker's name was Green. Robertson thought she had seen him before. After they left the station, she and Jackson realized that they had grown up in the same neighborhood as the carjacker, knew his family, and thus knew who he was. Their belief was confirmed by news reports that identified the carjacker as Jeremy Mouzon. Robertson advised the prosecutor of this when he met with her before trial. In consequence, the victims were not asked to identify Mouzon from a lineup or photographic array. Officers Soniak and Ramsey and the three victims testified at trial. Soniak described the carjacker as a heavyset black male wearing a white T-shirt and dark pants, and having bushy hair. Ramsey gave the same description of the man he apprehended, except that he did not remember the man's pants. Robertson, Smith, and Jackson all positively identified Mouzon as the carjacker.

Mouzon contends on appeal that the district court erred in denying his pre-trial motion in limine for an evidentiary hearing on the trustworthiness of the expected identification testimony.  We review rulings on the admissibility of evidence for abuse of discretion.  United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995).  Because deciding on the reliability of evidence is a function of the jury, the Constitution does not mandate a per se rule that an evidentiary hearing on the admissibility of identification evidence is needed.  Watkins v. Sowders, 449 U.S. 341, 347-49 (1981).  If a defendant challenges a pre-trial identification procedure, courts engage in a two-step analysis to determine the admissibility of the identification testimony.  First, the defendant must establish that the identification procedure was impermissibly suggestive, i.e., that "a positive identification is likely to result from factors other than the witness's own recollection of the crime."  Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997).  If the defendant makes this showing, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances."  Id..  The Supreme Court has set out five factors to be considered in deciding the reliability of identification testimony.  They are: "[1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of his prior description of the criminal, [4] the level of

certainty demonstrated at the confrontation, and [5] the time between the crime and the confrontation." Manson v. Brathwaite, 432 U.S. 98, 114 (1977). If, however, the court concludes that the confrontation procedure was not impermissibly suggestive, the inquiry ends. United States v. Bagley, 772 F.2d 482, 492 (9th Cir. 1985); cf. Harker v. Maryland, 800 F.2d 437, 444 (4th Cir. 1986) (ending analysis after finding photographic array and show-up not impermissibly suggestive).[1]

In this case, the district court determined that there was no impermissibly suggestive pre-trial identification procedure and denied the motion for an evidentiary hearing on that basis. Nonetheless, the court reviewed the five factors set out in Manson and decided that the witness testimony met the reliability test. Mouzon argues that the district court erred in so finding. The thrust of Mouzon's argument is that he was arrested because he happened to fit the general description of the carjacker and happened to run from the police who were looking for the carjacker, and that, once he was in custody, Jackson and Officer Soniak believed him to be the carjacker. Mouzon contends that neither Smith nor Jackson testified that they saw his face during the carjacking. In fact, Smith testified that she could see him as he

---

[1]Some circuits allow pretrial hearings on the reliability of identifications. See e.g., United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir. 1985) (although hearing on admissibility of identification evidence often advisable, no abuse of discretion in denying motion for such a hearing).

approached the car. Jackson testified that she saw his face while she was in the car with him. Mouzon's argument that Jackson's view of him in custody tainted the identifications of Robertson and Smith also ignores the evidence that Robertson independently recognized Mouzon as someone she had seen before and that she was correct about his identity. Robertson could only have recognized Mouzon from her own view of him during the carjacking, before the he was taken into custody.

We conclude that the district court correctly determined that no impermissibly suggestive identification procedure was employed by the government before trial; indeed no identification procedure was used at all. Therefore, there was no need for an evidentiary hearing to determine the reliability of the witnesses' identification of Mouzon. Instead, the weight and trustworthiness of the witnesses' in-court identification testimony properly was left to the jury, and the district court did not abuse its discretion by denying Mouzon an evidentiary hearing on the reliability of their identifications. See Davenport, 753 F.2d at 1462 (reviewing court's decision not to hold hearing on reliability of identification under abuse of discretion standard).

Mouzon next contends that the district court abused its discretion in admitting the eyewitness identifications because they were "the product of an unnecessarily suggestive encounter between Officer Soniak, Ms. Jackson and the defendant, which was

transmitted to Ms. Robertson and Ms. Smith," and did not meet the reliability test set out in <u>Manson</u>.  At the hearing on Mouzon's motion in limine, the district court considered each of the five factors prescribed in <u>Manson</u> and decided that Robertson and Jackson had a good opportunity to view the carjacker with a high degree of attention, that their descriptions were accurate, that the level of certainty was high, and that the time interval between the crime and the confrontation (for Jackson, the only one of the victims who saw Mouzon after his arrest) was minimal.

The exclusion of identification evidence is "a drastic sanction, one that is limited to identification testimony which is manifestly suspect."  <u>Harker</u>, 800 F.2d at 443.  In this case, the three victims and Officer Soniak all had an opportunity to get a good look at the carjacker in a well-lighted place and their subsequent descriptions of him were very similar.  Officer Soniak did not see the carjacker's face, but could identify the man taken into custody by Officer Ramsey as the same man he saw commit the carjacking by his body type, his hair style, and his clothes.  We are satisfied that the district court did not abuse its discretion in admitting the eyewitness identifications of Mouzon as the carjacker.  For the same reasons, we conclude that the district court did not abuse its discretion in denying Mouzon's motion for a mistrial based on Robertson's, Jackson's, and Smith's identification of him as the carjacker.

Finally, appellate counsel maintains that Mouzon's armed career criminal[2] and career offender sentence violated the Sixth Amendment, raising the issue under <u>Anders v. California</u>, 386 U.S. 738 (1967), but conceding that the argument is foreclosed by <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir.) (Sixth Amendment does not require that predicate convictions for armed career criminal sentence be charged in indictment or admitted by defendant), <u>cert. denied</u>, 126 S. Ct. 640 (2005).  <u>See also</u> <u>United States v. Thompson</u>, 421 F.3d 278, 282-83 (4th Cir. 2005) (armed career criminal sentence based on prior convictions neither charged nor admitted does not violate Sixth Amendment if facts necessary to support enhanced sentence are inherent in fact of convictions and no additional fact finding is required), <u>cert. denied</u>, 126 S. Ct. 1463 (2006).  Because Mouzon's career offender offense level was determined by his prior convictions, and the qualifying nature of the predicate convictions was clear from his criminal record, no Sixth Amendment error occurred in his sentencing.

We therefore affirm Mouzon's conviction and the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[2]Mouzon qualified for sentencing as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), and USSG § 4B1.4.  However, because Mouzon had a § 924(c) conviction, his sentence was determined by the career offender table for § 924(c)offenders rather than by USSG § 4B1.4.  <u>See</u> §§ 4B1.1(c)(3), 4B1.4, comment. (n.2).

the materials before the court and argument would not aid the decisional process.

AFFIRMED
